| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **KATHY A. DOCKERY**<br>**CHAPTER 13 TRUSTEE**<br>**801 S. FIGUEROA ST., SUITE 1850**<br>**LOS ANGELES, CA 90017**<br>**PHONE: (213) 996-4400**<br>**FAX: (213) 996-4426**<br><br>Chapter 13 Trustee | **FILED & ENTERED**<br><br>**MAR 25 2019**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** egarcia **DEPUTY CLERK** |

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| In re:<br><br>**CHARINA PELAEZ ABALOS**<br><br><br><br>Debtor(s). | CASE NO.: **2:18-bk-24581-SK**<br><br>CHAPTER: 13<br><br>**ORDER CONFIRMING CHAPTER 13 PLAN**<br><br>DATE: 3/14/19<br>TIME: 10:00 am<br>COURTROOM: 1575  15TH FLOOR<br>PLACE: Roybal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

This order pertains to the *2nd Amended* Chapter 13 Plan filed on **3/8/19**, docket no. **24**.

The Plan was served on the creditors pursuant to FRBP 3015. The Debtor appeared and was examined at a meeting conducted pursuant to 11 U.S.C. § 341(a). The court finding that the Plan as modified at the confirmation hearing meets the requirements of 11 U.S.C. §§ 1322 and 1325, the court orders as follows:

The Plan is confirmed, with the following provisions:

I. **PLAN PAYMENTS AND LENGTH OF PLAN:**

  A.  Monthly Plan payments will commence on **1/16/2019** and continue on that day of the month for **60** months. These payments shall be:

   Payments by the Debtor of **$879.00** per month for months **1** though **2**
   Payments by the Debtor of **$1,750.00** per month for months **3** though **3**
   Payments by the Debtor of **$1,762.00** per month for months **4** though **38**

   ■ Continuation of payment schedule attached.

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*
*\* The term "Debtor" refers to both debtor spouses in a joint bankruptcy case.*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2017                                      Page 1                                      F 3015-1.03.ORDER.CNFRM.CH13.PLAN

B. ☐ This is a Fixed Percentage Plan. Classes 1 through 4 and 7 will be paid pursuant to the Order of Payments set forth below. After these payments are completed, nonpriority unsecured claims that are not separately classified (Class 5) will be paid pro rata _____ % of the total amount of these allowed claims.

C. ☐ This is a Pot Plan. The Debtor shall pay a total sum of $ _____ to the chapter 13 trustee (trustee). After payments required to be made to classes 1 through 4 and 7, this sum is estimated to pay _____ % to Class 5 nonpriority unsecured creditors.

D. ■ This is a Residual Plan. After payments required to be made to classes 1 through 4 and 7, this is estimated to pay **0.00**% to Class 5 nonpriority unsecured creditors.

E. Income Tax Refunds

All Debtors will provide to the trustee a copy of each income tax return filed during the Plan term within 14 days of filing the return.

■ The Debtor shall turn over to the trustee all tax refunds in excess of $500.00 received during the Plan term.

☐ This is a 100% Plan. Unless the Plan is modified to a lower percentage, the Debtor may retain tax refunds.

## II. ORDER OF PAYMENTS:

Unless modified by Part III.E of this Order, the trustee shall make payments as set forth in Section II. A of the Plan.

## III. OTHER PROVISIONS:

A. Lien Avoidance

☐ 1. The Plan provides (in section IV.A.) that the Debtor will value property or avoid liens under 11 U.S.C. § 506 by separate motion(s). This court has issued order(s) on such motion(s). The affected liens are identified in **Attachment A**. Unless otherwise ordered by this court, the effective date on which such liens will be avoided is the completion of all Plan payments.

☐ 2. The Plan utilizes Section IV.C to modify secured claims without a separate motion and serves as the motion to value the real or personal property. See **Attachment B** for valuation and avoidance of liens under 11 U.S.C § 506.

☐ 3. The Plan utilizes Section IV.C to avoid judicial or nonpossessory, nonpurchase-money liens on real or personal property under 11 U.S.C § 522(f).

☐ See **Attachment C** for avoidance of real property judicial liens.

☐ See **Attachment D** for avoidance of judicial or nonpossessory, nonpurchase-money liens on personal property.

B. Surrender of Collateral and Stay Termination

The following collateral is surrendered to secured creditors and the automatic stay provisions of 11 U.S.C. § 362(a) are terminated as to the collateral only, and the stay under §1301 is terminated in all respects, upon entry of this order.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2017                                           Page 2                              F 3015-1.03.ORDER.CNFRM.CH13.PLAN

C. Attorney Fees

1. ■ Counsel for the Debtor is employed under the Rights and Responsibility Agreement and is awarded Basic Fees of **$5,000**. Having received **$2,500.00**, counsel is entitled to payment of **$2,500.00** from the estate on account of such Basic Fees.

2. ☐ Counsel for the Debtor is employed on an hourly fee contract. All fee awards shall be by separate order.

D. The trustee is authorized to make payment to holders of secured claims based on the Plan. However, the amounts listed on an allowed secured claim control over any contrary amounts listed in the Plan as to the current installment payment and arrearage unless otherwise ordered by the court. Also, any determination in the Plan or by separate motion made under FRBP 3012 about the amount of a secured claim is binding on the holder of the claim, even if the holder files a contrary proof of claim, regardless of whether an objection to claim has been filed. If relief from the automatic stay is ordered as to a secured creditor on certain collateral, then all payments under the Plan as to that collateral will cease.

E. ■ The following modifications to the Plan have been agreed to by the trustee, and/or a creditor if applicable, and the Debtor, or have been ordered by the Court at the Confirmation Hearing:

### SEE ATTACHMENT FOR ORDER CONFIRMING CHAPTER 13 PLAN

F. Revesting Property

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of this Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

###

Date: March 25, 2019

*[signature]*
Sandra R. Klein
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*December 2017*    Page 3    F 3015-1.03.ORDER.CNFRM.CH13.PLAN

**ATTACHMENT FOR ORDER CONFIRMING CHAPTER 13 PLAN**

## PAYMENT SCHEDULED (Continued)

Payments by the Debtor of **$2,191.00** per month for months **39** though **60**

## MODIFICATIONS TO PLAN

1. A payroll deduction order may be issued when the debtor(s) is delinquent by two plan payments. No further declaration or order is required. If the Chapter 13 Trustee issues a payroll deduction order to the debtor's(s') employer(s) and the amount set forth in the payroll deduction order is insufficient to pay the total amount of each plan payment as it comes due during the plan term, the debtor(s) shall pay any shortfall to the Chapter 13 Trustee's payment address on a timely basis.

2. If the debtor(s) and mortgage lender(s) enter into a valid and binding loan modification agreement, the debtor(s) shall, within 28 days of final approval of the loan modification agreement, produce an executed copy of the loan modification agreement, file an amended Schedule J to show the modified mortgage payment expense and provide written notice to the Chapter 13 Trustee of the foregoing.

3. All interest rates set forth in the confirmed plan or the order confirming the plan shall be calculated by utilizing a simple interest rate calculation.

4. If the debtor, joint-debtor or debtor's non-filing spouse obtains new employment or generates income through any other new source of income during the term of the plan, the debtor(s) shall amend Schedule I, provide adequate proof of income and provide written notice to the Chapter 13 Trustee within 14 days of receipt of evidence of income from the new employment or source of income

5. The Trustee may increase or decrease the dollars and the equivalent percentage paid to nonpriority unsecured creditors without further court order if the debtor(s) selects a "Residual" Plan in Part 2, Paragraph B of the confirmed plan or a "Residual" plan is provided for in the order confirming the plan. All nonpriority unsecured creditors shall be paid on a pro rata basis unless otherwise provided for in the plan, the order confirming the plan or subsequent court order modifying the plan. In no case shall the dollar amount and equivalent percentage be modified below the dollar amount and percentage required to be paid pursuant to the liquidation analysis or the chapter 13 means test unless provided for by further court order modifying the plan.

6. The debtor shall make all post petition vehicle payments to Capital One Auto Finance for the 2015 Toyota Prius.

7. The Internal Revenue Service shall be paid 6% interest on its allowed secured claim.

**BANKRUPTCY PAYMENT SCHEDULE**

| PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/16/19 | $879.00 | 21 | 9/16/20 | $1,762.00 | 41 | 5/16/22 | $2,191.00 |
| 2 | 2/16/19 | $879.00 | 22 | 10/16/20 | $1,762.00 | 42 | 6/16/22 | $2,191.00 |
| 3 | 3/16/19 | $1,750.00 | 23 | 11/16/20 | $1,762.00 | 43 | 7/16/22 | $2,191.00 |
| 4 | 4/16/19 | $1,762.00 | 24 | 12/16/20 | $1,762.00 | 44 | 8/16/22 | $2,191.00 |
| 5 | 5/16/19 | $1,762.00 | 25 | 1/16/21 | $1,762.00 | 45 | 9/16/22 | $2,191.00 |
| 6 | 6/16/19 | $1,762.00 | 26 | 2/16/21 | $1,762.00 | 46 | 10/16/22 | $2,191.00 |
| 7 | 7/16/19 | $1,762.00 | 27 | 3/16/21 | $1,762.00 | 47 | 11/16/22 | $2,191.00 |
| 8 | 8/16/19 | $1,762.00 | 28 | 4/16/21 | $1,762.00 | 48 | 12/16/22 | $2,191.00 |
| 9 | 9/16/19 | $1,762.00 | 29 | 5/16/21 | $1,762.00 | 49 | 1/16/23 | $2,191.00 |
| 10 | 10/16/19 | $1,762.00 | 30 | 6/16/21 | $1,762.00 | 50 | 2/16/23 | $2,191.00 |
| 11 | 11/16/19 | $1,762.00 | 31 | 7/16/21 | $1,762.00 | 51 | 3/16/23 | $2,191.00 |
| 12 | 12/16/19 | $1,762.00 | 32 | 8/16/21 | $1,762.00 | 52 | 4/16/23 | $2,191.00 |
| 13 | 1/16/20 | $1,762.00 | 33 | 9/16/21 | $1,762.00 | 53 | 5/16/23 | $2,191.00 |
| 14 | 2/16/20 | $1,762.00 | 34 | 10/16/21 | $1,762.00 | 54 | 6/16/23 | $2,191.00 |
| 15 | 3/16/20 | $1,762.00 | 35 | 11/16/21 | $1,762.00 | 55 | 7/16/23 | $2,191.00 |
| 16 | 4/16/20 | $1,762.00 | 36 | 12/16/21 | $1,762.00 | 56 | 8/16/23 | $2,191.00 |
| 17 | 5/16/20 | $1,762.00 | 37 | 1/16/22 | $1,762.00 | 57 | 9/16/23 | $2,191.00 |
| 18 | 6/16/20 | $1,762.00 | 38 | 2/16/22 | $1,762.00 | 58 | 10/16/23 | $2,191.00 |
| 19 | 7/16/20 | $1,762.00 | 39 | 3/16/22 | $2,191.00 | 59 | 11/16/23 | $2,191.00 |
| 20 | 8/16/20 | $1,762.00 | 40 | 4/16/22 | $2,191.00 | 60 | 12/16/23 | $2,191.00 |